## LEE HYMAN v. IRVING SOMMERS ET AL.

SUPERIOR COURT     LITCHFIELD COUNTY     FILE No. 11827

Memorandum filed July 24, 1947.

*Harry Ossen*, of Torrington, for the Plaintiff.

*Nair & Nair*, of New Britain, for the Defendants.

QUINLAN, J. This case is predicated on the statute claiming the right to an arbitration under paragraph 22 of a lease entered into between the parties.

Paragraph 22 of said lease reads:

"In the event that a period or periods of monetary inflation shall arise in the United States so that the real value of the rental or the purchase price to be paid shall be affected thereby to the detriment of the Lessor then at the demand of the Lessor arbitration shall be had under the laws of the State of Connecticut if such state has arbitration laws, otherwise under the laws of the State of New York at which shall be determined a new rental or a new purchase price to be commensurate with the rental or purchase price now provided in said lease but to conform with the effect inflation has had on the amount to be paid. Such arbitration shall not be restricted to one period but may be called for from time to time by either party after the first arbitration so that the rental or purchase price to be paid by the Lessees to the Lessor shall be in accordance with the effect inflation has had on the amount provided in the lease."

As the evidence was presented, it appears to me that most of the questions argued are immaterial unless the basic one of whether there was "monetary inflation" is resolved in favor of the plaintiff. Professor Reich, introduced by the plaintiff, made an interesting witness, but on cross-examination he admitted there were a great number of factors affecting price movements, such as speculation, the law of supply and demand, population, war dislocation, rise of the national income and production, all affecting real value. The plaintiff had contended that proof of a general price rise was equivalent to the establishment of "monetary inflation." There seems to be no question that there has occurred what might be called "price inflation." The defendant, however, contended that the term "monetary inflation" means the devaluation of the dollar by governmental act either through the reduction of the gold reserve back of each dollar issued or the issuance of additional dollars without a corresponding addition to the gold reserve in back of the currency.

That the latter is the more conservative and legal view to be taken is buttressed somewhat by the expressed intentions of the parties at the time of executing the lease. This view also makes the contract more certain. The fact that the arbitration clause allowed for more than one period means no more than that the effects of "monetary inflation" might be gradual or be altered after "monetary inflation" was established.

What did the parties advert to at the time of the execution? On this point, the plaintiff testified in general language largely as to effects and conclusions of what was actually said. It is true that Mr. Berg chose to take the ethical side and declined to testify, but had he done so, from the demeanor of the witnesses as well as the probabilities, I would have no difficulty in concluding that the parties had in mind and said, "Remember what we had in 1933 when the gold content was changed, and it may happen again."

It may repeat itself but it has not done so, and I am satisfied that the parties were relating their conversation to devaluation of the currency by governmental act.

Judgment for defendants with costs.